UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **FAUSTINO PABLO PABLO,**<br><br>*Petitioner*,<br>v.<br><br>**TODD M. LYONS,** *Acting Director, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security, in his official capacity*;<br>**DAREN K. MARGOLIN,** *Director of Executive Office for Immigration Review, in his official capacity*;<br>**KRISTI NOEM**, *Secretary of U.S. Department of Homeland Security, in her official capacity*;<br>**PAMELA BONDI,** *Attorney General of the United States, in her official capacity*;<br>**and WARDEN of ERO El Paso Camp East Montana in El Paso, Texas,** *in his or her official capacity*;<br><br>*Respondents*. | EP-25-CV-00566-DCG |

## ORDER TO SHOW CAUSE & TO PREVENT PETITIONER'S REMOVAL FROM THE COUNTRY AND DISTRICT

Before the Court is Petitioner Faustino Pablo Pablo's Petition for a Writ of Habeas Corpus (ECF No. 1), Motion for Order to Show Cause (ECF No. 2), and Motion for Preliminary Injunction or Temporary Restraining Order (ECF No. 3). For the following reasons, the Court **ORDERS** that Respondents **MAY NOT REMOVE** Pablo Pablo from the United States or transfer him from this Division and District during the pendency of this case. It is further **ORDERED** that Respondents show cause why the application for a writ of habeas corpus should not be granted.

I.    Background

Solely for the purposes of this Order, the Court presumes the following facts are true. Pablo Pablo is a Guatemalan man currently detained at the East Montana Camp in El Paso, Texas.[1] In 2013, an Immigration Judge in Pearsall, Texas entered a removal order against Pablo Pablo and granted him withholding of removal *to Guatemala* under the Convention Against Torture.[2] On November 14, 2013, Immigration and Customs Enforcement ("ICE") placed Pablo Pablo on an order of supervision ("OSUP").[3] Over a decade later, on December 26, 2024, Pablo Pablo was convicted under the California Vehicle Code.[4] Another year later, on November 5, 2025, ICE detained Pablo Pablo without notice or explanation.[5]

Since then, Pablo Pablo has not received a hearing to assess whether his detention is warranted due to danger or flight risk.[6] Yesterday, Pablo Pablo communicated to his family that he would be transferred *today*, November 20, 2025, to Louisiana in preparation for removal to a third country.[7] His wife is due to give birth imminently.[8]

---

[1] Pet, ECF No. 1, at 1.

[2] Mot. PI or TRO, ECF No. 3, at 3.

[3] *Id.*

[4] *Id.* ("Petitioner was convicted of California Vehicle Code § 23152b and 23578.").

[5] *Id.*

[6] *Id.* at 4.

[7] *Id.*

[8] *Id.* at 5.

II. **Discussion**

    a. **TRO Request**

To prevail on a TRO request, a movant must show: "(1) a substantial likelihood of success on the merits, (2) a substantial threat that [the movant] will suffer irreparable harm if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the [non-movant], and (4) that the injunction will not disserve the public interest."[9] "The last two factors merge when the government is the opposing party."[10] "The purpose of a preliminary injunction [or TRO] is to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits."[11]

        i. **Immediate Release or Bond Hearing**

Pablo Pablo seeks a TRO compelling his release or a bond hearing.[12] Given the short time fuse, the Court needs to give this motion careful consideration. For this reason, the Court **RESERVES RULING** on Pablo Pablo's Motion for a Preliminary Injunction or Temporary Restraining Order requesting immediate release or a bond hearing .

        ii. **Transfer from District or Deportation**

In his Motion for Preliminary Injunction or Temporary Restraining Order, Pablo Pablo also asks the Court to prohibit Respondents from removing him from the country or transferring

---

[9] *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (citing *Planned Parenthood of Hous. & S.E. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005)).

[10] *Nat. Ass'n for Gun Rights, Inc. v. Garland*, 697 F. Supp. 3d 601, 620 (N.D. Tex. 2023) (citing *Nken v. Holder*, 566 U.S. 418 (2009)).

[11] *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)).

[12] *See* Mot. PI or TRO, at 7.

him to a facility outside this Division of this District while this case is pending.[13] Although the Court cannot yet grant the ultimate relief requested at this juncture, the Court can prevent Respondents from transferring Pablo Pablo, in the interest of preserving the status quo and the Court's ability to fully assess this case on the merits.[14] Many courts, including this one, have prevented immigration habeas petitioners' removal from the country or transfer from the forum jurisdiction, until the petition can be fully considered.[15] To ensure the Court's ability to meaningfully address Pablo Pablo's claim, the Court finds it necessary to do the same here.

This Order is not issued as a TRO but instead under the Court's inherent power to preserve its ability to hear the case.[16] Accordingly, Respondents may not transfer Pablo Pablo out of the El Paso Division of the Western District of Texas or remove him from the country during the pendency of this case.

---

[13] *See* Mot. PI or TRO, at 11.

[14] *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218–19 (2021) ( "[A] federal court always has jurisdiction to determine its own jurisdiction" (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002))).

[15] *See Santiago v. Noem*, No. 3-25-cv-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases).

[16] *See, e.g.*, Order Concerning Service of Petition and Stay of Transfer or Removal, *Teixeira v. ICE Burlington*, No. 25-cv-11631 (D. Mass. June 5, 2025), ECF No. 5; *see also Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

*See also* 28 U.S.C. § 1651 [hereinafter "All Writs Act"]; *IIT Cmty. Dev. Corp.*, 569 F.2d at 1359 ("The All Writs Act may be said to provide a federal court with those writs necessary to the preservation or exercise of its subject matter jurisdiction. The Act is necessary because federal courts, being courts of limited jurisdiction, would not otherwise possess the tools necessary to implement their jurisdictional grants.").

Again, this Order is issued under the Court's inherent authority to preserve and assess its own jurisdiction, not as a TRO, but to the extent a bond may be required, it is waived.[17]

### b. Show Cause

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention."[18] Once a habeas application is filed, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entailed thereto." The statute also provides that a response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline.[19]

Notwithstanding the text of § 2243, the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") offer greater flexibility regarding response timelines. Specifically, Habeas Rule 4 provides that, "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response, *within a fixed time*." (emphasis added).

Although the Habeas Rules are primarily directed at § 2254 cases, they permit courts to apply them to habeas petitions filed under § 2241.[20] District courts regularly exercise this discretion to apply the Habeas Rules to § 2241 cases and extend response deadlines beyond the

---

[17] *See, e.g.*, *Sepulveda Ayala v. Noem*, No. 25-cv-5185, 2025 WL 1207655, at *4 (W.D. Wash. Apr. 26, 2025).

[18] *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

[19] 28 U.S.C. § 2243.

[20] *See* Habeas Rule 1(b) ("The district court may apply any or all of these rules to [any] habeas corpus petition.").

three-day limit in § 2243.[21] Upon due consideration, the Court determines that Respondents must show cause why the Court should not grant Pablo Pablo the relief he seeks. Respondents are ordered to show cause by December 1, 2025.

### III.     Conclusion

For the foregoing reasons, the Court **ORDERS** that Respondents **SHALL NOT** (1) remove or deport Pablo Pablo from the United States, or (2) transfer Pablo Pablo to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed.

The Court **GRANTS** Petitioner's Motion for Order to Show Cause (ECF No. 2) and **ORDERS** Respondents to **SHOW CAUSE** by <u>**no later than December 1, 2025**</u>, why the application for a writ of habeas corpus should not be granted. The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

The Court does **NOT YET RULE** on Petitioner's Motion for Preliminary Injunction or Temporary Restraining Order (ECF No. 3).

Finally, to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel.[22]

---

[21] *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-cv-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases and explaining that the "strict time limits prescribed by § 2243 . . . are subordinate to the district court's discretionary authority under [Habeas] Rule 4."); *Taylor v. Gusman*, No. 20-cv-449, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020) ("[T]he Rules Governing Section 2254 Cases overrun 28 U.S.C. § 2243.").

[22] *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**So ORDERED and SIGNED this 20th day of November 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**