UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **FAUSTINO PABLO PABLO,** § § § *Petitioner*, § v. § § **TODD M. LYONS,** *Acting Director, U.S.* § *Immigration and Customs Enforcement, U.S.* § *Department of Homeland Security, in his* § *official capacity*; § **DAREN K. MARGOLIN,** *Director of* § *Executive Office for Immigration Review, in* § *his official capacity*; § **KRISTI NOEM**, *Secretary of U.S.* § *Department of Homeland Security, in her* § *official capacity*; § **PAMELA BONDI,** *Attorney General of the* § *United States, in her official capacity*; § **and WARDEN of ERO El Paso Camp** § **East Montana in El Paso, Texas,** *in his or* § *her official capacity*; § § *Respondents*. § | EP-25-CV-00566-DCG |

**ORDER SETTING STATUS CONFERENCE**

Before the Court are Petitioner Faustino Pablo Pablo's "Emergency Motion for Temporary Restraining Order Ordering Petitioner's Return to the United States" (ECF No. 5) and "Motion for Civil Contempt and Sanctions Against Federal Respondents" (ECF No. 7).

The Emergency Motion asserts that United States Immigration and Customs Enforcement ("ICE") removed Petitioner to Guatemala around 6:00 a.m. on November 20, 2025,[1] before the Court had an opportunity to review and order further briefing on his Petition for Writ of Habeas

---

[1] *See* Second Mot. PI or TRO, ECF No. 5, at 2–3; *see also* Gov't Advisory, ECF No. 6, at 1 ("[A]t approximately 6 am MST, Petitioner departed El Paso International Airport and was removed to Guatemala.").

Corpus.[2] As the Petition alleges, an Immigration Court Order Granting Withholding of Removal prohibits Petitioner's removal to Guatemala, where he "suffered severe physical attacks" and "would be tortured if he were to return."[3] Through counsel, Petitioner further attests that ICE agents were aware of the Withholding of Removal and nevertheless effected his removal without giving Petitioner adequate notice or opportunity to be heard.[4] By the time this Court ordered Respondents *not* to remove or otherwise transfer Petitioner from the El Paso Division of the Western District of Texas,[5] Petitioner—unbeknownst to the Court—had already arrived in Guatemala City.[6]

Respondents have since confirmed that Petitioner was removed to Guatemala on the morning of November 20, 2025.[7] While Respondents insist that "the Court lacks jurisdiction in the habeas framework to order Respondents to take the actions Petitioner requests in his emergency motion,"[8] Petitioner maintains that "[t]his Court has jurisdiction to order the Government to facilitate the return of an unlawfully removed noncitizen."[9] Petitioner

---

[2] *See* Pet., ECF No. 1 (filed November 18, 2025); *see also* Second Mot. PI or TRO, at 2.

[3] *See* Pet., at 4; *see also* Immigration Court Decision, ECF No. 1-1, at 19 (ordering that "Respondent's application for withholding of removal under the Convention Against Torture, 8 C.F.R. § 1208.16, be GRANTED").

[4] *See* Second Mot. PI or TRO, at 2–3.

[5] *See* Order Show Cause & Prevent Removal, ECF No. 4, at 1.

[6] *See* Second Mot. PI or TRO, at 2–3.

[7] *See* Gov't Advisory, at 1.

[8] *See id.* at 1–2.

[9] *See* Second Mot. PI or TRO, at 5 (citing *Noem v. Abrego Garcia*, 145 S. Ct. 1017 (2025)).

To be clear, the Court does not yet decide whether Petitioner's removal was unlawful.

additionally moves this Court to "make a finding of contempt and issue sanctions, and any other appropriate remedies, to facilitate Petitioner's return to the United States."[10]

Recognizing that time is of the essence,[11] the Court wishes to convene the parties as soon as practicable to clarify the factual record and determine next steps in this case.

The Court hereby **ORDERS** counsel for Petitioner and Respondents to **APPEAR** for a status conference on **Wednesday, December 3, 2025, at 10:00 a.m. Mountain Time**. The hearing will take place in **Courtroom Number 322**, on the Third Floor of the **United States Courthouse, 525 Magoffin Avenue, El Paso, Texas**.

Counsel shall attend the hearing **IN PERSON**. Due to technological limitations, the Court will **NOT** consider requests to appear *via* videoconference.

Finally, the parties shall come prepared to address:

(1) Petitioner's status and whereabouts at the time of the hearing;

(2) whether Petitioner was subject to Withholding of Removal to Guatemala at the time the Government removed Petitioner to Guatemala—and if so, whether his removal was lawful or unlawful;

(3) whether the Court has jurisdiction (through habeas corpus or otherwise) to grant relief in this case;[12] *and*

(4) their respective positions on Petitioner's Motion for Civil Contempt.[13]

---

[10] Mot. Contempt, ECF No. 7, at 6.

[11] Second Mot. PI or TRO, at 3.

[12] In particular, the Court would appreciate if the parties could demonstrate the extent to which this case is analogous or distinguishable from *Noem v. Abrego Garcia* (and cases like it).

[13] Mot. Contempt, ECF No. 7.

- 4 -

**So ORDERED and SIGNED this 24th day of November 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**