UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **FAUSTINO PABLO PABLO,** | § § § | |
| *Petitioner*, | § § | |
| v. | § § | |
| **TODD M. LYONS,** *Acting Director, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security, in his official capacity*; **DAREN K. MARGOLIN,** *Director of Executive Office for Immigration Review, in his official capacity*; **KRISTI NOEM**, *Secretary of U.S. Department of Homeland Security, in her official capacity*; **PAMELA BONDI,** *Attorney General of the United States, in her official capacity*; **and WARDEN of ERO El Paso Camp East Montana in El Paso, Texas,** *in his or her official capacity*; | § § § § § § § § § § § § § § § § | **EP-25-CV-00566-DCG** |
| *Respondents*. | § | |

## ORDER TO FILE OBJECTIONS TO RELEASE OF ELECTRONIC DOCKET

The news organization *Politico* has requested access to electronic documents filed in the above-captioned matter. Because the case is related to immigration detention,[1] non-parties are limited in their ability to remotely access electronic files in this case unless the Court orders otherwise.[2]

Federal Rule of Civil Procedure 5.2(c) provides that "in an action or proceeding relating to . . . immigration benefits or detention," any person other than "the parties and their attorneys"

---

[1] *See generally* Pet., ECF No. 1.

[2] FED. R. CIV. P. 5.2(c) (limiting non-parties' remote access to filings in particular cases, including actions relating to immigration detention).

can "have electronic access to the full record *at the courthouse.*"[3] If non-parties wish to view the record remotely, their electronic access is limited to:

(1) "the docket maintained by the court;" and

(2) "an opinion, order, judgment, or other disposition of the court, but not any other part of the case file or the administrative record."[4]

However, the Rule clarifies that "the court [may] order[] otherwise."[5] Due to public interest in this case, the Court is inclined to grant non-parties remote access to the electronic docket. The Court also wishes to give the parties an opportunity to object.

The Court therefore **ORDERS** the parties to file objections to the record being made public no later than **Thursday, December 18, 2025**.

Unless either party establishes good cause why the Court should not release the electronic files, the Court **SHALL ORDER** that the electronic docket be made available to non-parties pursuant to Rule 5.2(c).

**So ORDERED and SIGNED this 15th day of December 2025.**

_____
DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE

---

[3] *Id.* (emphasis added).

[4] *Id.*

[5] *Id.*