UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **FAUSTINO PABLO PABLO,** | § § § | |
| *Petitioner*, | § § | |
| v. | § § | |
| **TODD M. LYONS,** *in his official capacity* as Acting Director of U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security; **DAREN K. MARGOLIN,** *in his official capacity* as Director of Executive Office for Immigration Review; **KRISTI NOEM**, *in her official capacity* as Secretary of U.S. Department of Homeland Security; **PAMELA BONDI,** *in her official capacity* as Attorney General of the United States; and **WARDEN of ERO El Paso Camp East Montana in El Paso, Texas,** *in his or her official capacity*; | § § § § § § § § § § § § § § § | EP-25-CV-00566-DCG |
| *Respondents*. | § § | |

## ORDER DENYING MOTION AS MOOT

On December 5, 2025, the Court ordered Respondents to return Petitioner Faustino Pablo Pablo to the United States by December 12, 2025.[1] On December 10, 2025, Respondents filed a Motion asking the Court to amend that Order "to remove the requirement that directs Respondents to return Petitioner to the United States no later than December 12, 2025."[2] Later that day, Respondents filed a Declaration confirming that (1) the Guatemala Migration Institute granted Petitioner his passport; (2) United States Immigration and Customs Enforcement ("ICE")

---

[1] Order Granting Prelim. Inj., ECF No. 15, at 1, 8.

[2] Resp'ts' Mot. Reconsider & Amend, ECF No. 19, at 1.

approved Petitioner for parole; and (3) Petitioner was booked for a return flight on December 11, 2025.[3]

On December 12, 2025, Respondents filed another Declaration informing the Court that Petitioner arrived in the United States on December 11, 2025.[4] Thus, to the extent Respondents' Motion asks the Court to eliminate the December 12, 2025 deadline to return Petitioner to the United States, it is now moot.

The Court therefore **DENIES** "Federal Respondents' Opposed Motion to Reconsider and Amend the Court's Judgment" (ECF No. 19) as **MOOT**.

Now that Petitioner is back in the United States, Respondents are **NO LONGER REQUIRED** to "file daily updates . . . confirming what steps have been taken to facilitate [Petitioner]'s return to the United States."[5]

Petitioner's counsel stated on the record that she would withdraw Petitioner's "Motion for Civil Contempt and Sanctions Against Federal Respondents" (ECF No. 7) if Respondents returned Petitioner to the United States by the applicable deadline. Because Respondents have now done so, the Clerk of Court **SHALL DESIGNATE** that Motion as **WITHDRAWN**.

By **December 19, 2025**, Petitioner **SHALL FILE** a status report informing the Court whether there remain any live issues that the Court must resolve in this case—and if so, what those issues are.

---

[3] Decl. (Dec. 10, 2025), ECF No. 21-1, at 1–2.

[4] Decl. (Dec. 12, 2025), ECF No. 23-1, at 1.

[5] *See* Order Granting Prelim. Inj. at 8; *see also* Notice Filing Decl., ECF No. 23, at 1 ("Because the attached declaration confirms Petitioner's return to the United States, Federal Respondents do not intend to file any further updates unless otherwise ordered.").

- 3 -

**So ORDERED and SIGNED this 16th day of December 2025.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**