**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **FAUSTINO PABLO PABLO,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TODD M. LYONS,** *in his official capacity* | § | |
| *as* Acting Director, U.S. Immigration and | § | |
| Customs Enforcement, U.S. | § | |
| Department of Homeland Security; | § | |
| **DAREN K. MARGOLIN,** *in his official* | § | |
| *capacity as* Director of Executive Office for | § | **EP-25-CV-00566-DCG** |
| Immigration Review; | § | |
| **MARKWAYNE MULLIN***, in his official* | § | |
| *capacity as* Secretary of U.S. Department of | § | |
| Homeland Security; | § | |
| **PAMELA BONDI,** *in her official capacity* | § | |
| *as* Attorney General of the | § | |
| United States; and | § | |
| **WARDEN of ERO El Paso Camp East** | § | |
| **Montana in El Paso, Texas,** *in his or her* | § | |
| *official capacity*, | § | |
| | § | |
| *Respondents*. | § | |

**ORDER FOR SUPPLEMENTAL BRIEFING**
**AND ORDER SUBSTITUTING RESPONDENT**

The Court is presently considering various legal issues in this case, including

Respondents' argument that the Fifth Circuit's intervening decision in *Imran v. Harper* requires

the Court to dissolve its prior Order prohibiting Respondents from removing Petitioner from the

country.[1]  There is a factual issue that the Court would like Respondents to clarify while the

Court is researching those legal questions.

In the Amended Response that Respondents filed on January 20, 2026, Respondents

stated that "[t]he only impediment" to Respondents removing Petitioner to Mexico "is this

Court's Order staying removal."[2]  However, the Declaration attached to the Amended Response

suggests that there is at least one other impediment to Respondents removing Petitioner to

Mexico—namely, the requirement that the Government of Mexico ("GOM") agree to accept

Petitioner.[3]  The Declaration implies that although Respondents expect that GOM will eventually

accept Petitioner, GOM had not yet done so when Respondents filed their Amended Response on

January 20, 2026.[4]

Thus, by **April 6, 2026**, Respondents **SHALL FILE** a document clarifying:

(1)    whether GOM has now agreed to accept Petitioner into Mexico;

(2)    whether, assuming that the Court ultimately vacates its Order prohibiting
       Respondents from removing Petitioner from the United States, there are any
       other procedural requirements that Respondents will have to satisfy before
       they can lawfully remove Petitioner to Mexico; and

(3)    how long it would take Respondents to satisfy those remaining procedural
       requirements and effectuate Petitioner's removal if the Court vacated that
       Order in early-to-mid-April 2026.

---

[1] *See* Resp'ts' Am. Resp., ECF No. 34, at 2; *see also Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026).

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[2] *See* Resp'ts' Am. Resp. at 7.

[3] *See* Estrada Decl., ECF No. 34-1, at 3.

[4] *See id.* ("[Petitioner]'s case fits within the parameter of cases *normally* accepted for removal by [GOM]. . . . ERO is *expecting* to receive a final acceptance of [Petitioner] from GOM closer to [the end of January 2026]." (emphases added)).

Separately, now that Markwayne Mullin has succeeded Kristi Noem as the Secretary of the Department of Homeland Security, the Court **DIRECTS** the Clerk of Court to **SUBSTITUTE** Secretary Mullin in Former Secretary Noem's place as a named Respondent in this case.[5]

So ORDERED and SIGNED this 30th day of March 2026.

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[5] *Compare* Pet., ECF No. 1, at 5 ("Respondent Kristi NOEM is the Secretary of the DHS and is named in her official capacity."), *with* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").