UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **FAUSTINO PABLO PABLO,** | § | |
| | § | |
| *Petitioner*, | § | |
| **v.** | § | |
| | § | |
| | § | |
| **DAVID J. VENTURELLA,** *in his official* | § | |
| *capacity as* Senior Official Performing the | § | |
| Duties of the Director of U.S. Immigration | § | |
| and Customs Enforcement; | § | |
| **DAREN K. MARGOLIN,** *in his official* | § | |
| *capacity as* Director of Executive Office for | § | **EP-25-CV-00566-DCG** |
| Immigration Review; | § | |
| **MARKWAYNE MULLIN**, *in his official* | § | |
| *capacity as* Secretary of U.S. Department of | § | |
| Homeland Security; | § | |
| **TODD BLANCHE,** *in his official capacity* | § | |
| *as* Acting Attorney General of the | § | |
| United States; and | § | |
| **WARDEN OF ERO EL PASO CAMP** | § | |
| **EAST MONTANA,** *in his or her official* | § | |
| *capacity*, | § | |
| | § | |
| *Respondents*. | § | |

**ORDER VACATING ORDER PROHIBITING
PETITIONER'S REMOVAL OR TRANSFER**

This habeas proceeding concerns whether the Government may continue to detain

Petitioner Faustino Pablo Pablo while it facilitates his removal from the United States.[1]

Where—as here—the Government has issued a final removal order against an alien, that analysis

turns on whether removal is "significantly likely in the reasonably foreseeable future."[2]

---

[1] *See generally* Pet., ECF No. 1.

[2] *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) ("[A]n alien may be held in confinement [after a removal order becomes final] until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").

Respondents have indicated that although the Government is prepared to remove Petitioner to Mexico, it is unable to do so because the Court previously issued an Order prohibiting the Government from removing or transferring Petitioner (the "Removal or Transfer Prohibition").[3]  Until the Government can remove or transfer Petitioner, the Court can't meaningfully assess whether his removal is "significantly likely in the reasonably foreseeable future."  For that reason, the next step would ordinarily be to vacate the Removal or Transfer Prohibition and test whether the Government can secure removal.[4]

The trouble here is that Petitioner claims that the Government hasn't afforded him a proper opportunity to challenge his removal to Mexico.[5]  The Immigration and Nationality Act ("INA") prohibits the Government from removing an alien to a country where his "life or freedom would be threatened . . . because of . . . race, religion, nationality, membership in a particular social group, or political opinion."[6]  And regulations spell out the processes by which an alien may argue that removal to a given country would pose such a threat.[7]

---

[3] *See* Order Show Cause, ECF No. 4, at 6 (prohibiting Respondents from "(1) remov[ing] or deport[ing] Pablo Pablo from the United States, or (2) transfer[ring] Pablo Pablo to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed").

*See also* Resp'ts' Status Report, ECF No. 43 ("If this Court vacated his stay of removal, [the Government] does not foresee additional procedural hurdles to removing Petitioner to Mexico.  Absent any unforeseen circumstances, [the Government] believe[s] [it] could effect removal to Mexico within a week of this Court lifting the stay of removal." (citation modified)).

[4] *See, e.g.*, Order Vacating Stay Removal or Transfer, *Moreno-Rodriguez v. Warden*, EP-26-CV-00084-DCG (W.D. Tex. Apr. 14, 2026), Dkt. No. 16.

[5] *See generally* Pet'r's Feb. 4, 2026 Notice, ECF No. 40.

[6] 8 U.S.C. § 1231(b)(1)(A).

[7] *See, e.g.*, 8 C.F.R. § 208.16 ("Withholding of removal under [the INA] and withholding of removal under the Convention Against Torture."); *id.* § 208.31 ("Reasonable fear of persecution or torture determinations . . . .").

According to Petitioner, the Government has failed to follow its own removal regulations in several different ways, including by:

(1)    allowing an asylum officer to interview Petitioner regarding fear of removal to Mexico without counsel present;[8]

(2)    failing to screen him for asylum;[9]

(3)    failing to properly screen him for withholding of removal to Mexico;[10] and

(4)    refusing to let him request an Immigration Judge's ("IJ") review of the asylum officer's determinations.[11]

These failures, Petitioner argues, violate his due process rights.[12]  He therefore asks the Court to (1) order the Government follow the proper procedures—which the Court construes as a request to temporarily keep the Removal or Transfer Prohibition in place; and (2) order his release while the Government follows those procedures.[13]

The Court is sensitive to Petitioner's concerns that the Government hasn't given him a fair chance to challenge his removal to Mexico—especially since the Government already

---

[8] *See* Pet'r's Feb. 4, 2026 Notice at 2 (citing 8 C.F.R. § 208.30(d)(4)).

[9] *See id.*

[10] *See id.*; Pet'r's Suppl. Br., ECF No. 44, at 3–4; *see also* 8 C.F.R. § 208.16.

[11] *See* Pet'r's Feb. 4, 2026 Notice at 2; 8 C.F.R. § 1003.42.

Petitioner also argued that the asylum officer failed to take or provide notes on Petitioner's interview regarding his fear of removal to Mexico.  *See* Pet'r's Jan. 21, 2026 Notice, ECF No. 35, at 2; *see also* 8 C.F.R. § 208.30(g)(1).  Respondents, however, filed the asylum officer's interview notes under seal on February 2, 2026, and Petitioner's subsequent filings suggest that he has since abandoned his notes-related arguments.  *See generally* Pet'r's Suppl. Br.; Pet'r's Feb. 4, 2026 Notice.

[12] *See, e.g.*, Pet'rs' Suppl. Br. at 3.

[13] *See id.* at 4; *see also* Pet'r's Mot. Issue Decision, ECF No. 45.

unlawfully removed Petitioner once before.[14]  Still, though, while district courts can answer purely legal questions stemming from the removal process,[15] this Court is reluctant to intervene absent a clear record that Petitioner's removal to Mexico would be unlawful.[16]

The Court will therefore take a two-step approach to vacating the Removal or Transfer Prohibition:

(1)     first, requiring Respondents to respond to Petitioner's contentions that his removal to Mexico would be unlawful under the procedures that the Government has given him; before

(2)     vacating the Removal or Transfer Prohibition on a stated, later date.

That way, Petitioner will have an opportunity to seek relief if it becomes clear that the Government plans to remove him without following the necessary procedures.

### **CONCLUSION**

For these reasons, the Court's "Order to Show Cause" (ECF No. 4) will **AUTOMATICALLY VACATE** on **July 10, 2026 at 11:59 p.m. Mountain Time** to the extent it prohibited Respondents from removing or transferring Petitioner.

**On or before July 6, 2026**, Respondents **SHALL FILE** a brief addressing:

(1)     whether Petitioner had counsel present during his reasonable fear interview and, if not, why the asylum officer proceeded anyways;

---

[14] *See generally* Order Granting Prelim. Inj., ECF No. 8.

[15] For example, whether the Government may remove an alien without allowing them to seek withholding of removal.  *See, e.g.*, *Velazquez Cornero v. Venturella*, 811 F. Supp. 3d 833 (W.D. Tex. 2026).

[16] Unlike other cases where the Court has intervened, Petitioner hasn't moved for injunctive relief, and Respondents haven't directly responded to Petitioner's assertions that the Government has failed to follow its own removal regulations.  *Cf.* Order Preliminarily Enjoining Respondents from Removing Petitioner Pending Withholding of Removal Determination, *Zawu Roberts v. De Anda-Ybarra*, No. 3:25-cv-00377 (W.D. Tex. May 22, 2026), ECF No. 18 (enjoining the Government from removing an alien without first allowing the alien to seek withholding where (1) the alien moved for relief and (2) the Government responded to the alien's arguments); *Velazquez Cornero*, 811 F. Supp. 3d 833 (same).

(2)     whether the Government must screen Petitioner for asylum before removing him to Mexico;

(3)     whether the asylum officer conducted Petitioner's reasonable fear interview in a manner consistent with 8 C.F.R. §§ 208.31, 1208.31; and

(4)     whether Petitioner was given an opportunity to seek IJ review of the asylum officer's negative fear determination and, if not, why not.

That brief **SHALL INCLUDE** citations to the record and relevant authority.

The Court **RESERVES RULING** on Petitioner's "Motion to Issue Decision" (ECF No. 45) until after it reviews Respondents' brief.

Finally, the Court **SUBSTITUTES** David J. Venturella, Senior Official Performing the Duties of the Director of ICE, in Former Acting Director Todd Lyons's place as a named Respondent in this case.[17]

**So ORDERED and SIGNED this 29th day of June 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[17] *Compare* Pet. at 4 (indicating that Petitioner was suing Former Acting Director Lyons "in his official capacity"), *with* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.  Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").