**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **FAUSTINO PABLO PABLO,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| **v.** | § | |
| | § | |
| **DAVID J. VENTURELLA,** | § | |
| *in his official capacity as Senior Official* | § | |
| *Performing the Duties of the Director of U.S.* | § | |
| *Immigration and Customs Enforcement*; | § | |
| **DAREN K. MARGOLIN,** | § | |
| *in his official capacity as Director of* | § | |
| *Executive Office for Immigration Review*; | § | **EP-25-CV-00566-DCG** |
| **MARKWAYNE MULLIN,** | § | |
| *in his official capacity as Secretary of U.S.* | § | |
| *Department of Homeland Security*; | § | |
| **TODD BLANCHE,** | § | |
| *in his official capacity as Acting Attorney* | § | |
| *General of the United States*; **and** | § | |
| **WARDEN OF ERO EL PASO CAMP** | § | |
| **EAST MONTANA,** | § | |
| *in his or her official capacity*, | § | |
| | § | |
| ***Respondents*.** | § | |

## ORDER REGARDING UNAUTHORIZED *PRO SE* MOTION

Petitioner Faustino Pablo Pablo has mailed a *pro se* "Motion to Submit Evidence and Grant Relief Request" directly to the undersigned Judge. The Court will not consider that Motion for two reasons.

First, an attorney represents Petitioner in this matter.[1] Only Petitioner's attorney may file motions on Petitioner's behalf.[2]

Second, as far as the Court can tell from the Motion and the envelope it arrived in, Petitioner didn't send a copy of the Motion to Respondents' counsel. To that extent, the Motion is an "*ex parte* communication"—a communication bearing on the substance of a pending matter that a litigant sends to the Court without including the other parties.[3] With narrow exceptions that don't apply here,[4] the Judiciary's ethical rules forbid Judges from considering or acting upon such communications.[5]

Where, as here, "a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested."[6] The Court will therefore attach Petitioner's *pro se* Motion as an exhibit to this Order and offer Respondents an opportunity to respond to it (if they choose).

---

[1] *See, e.g.*, TRO Mot., ECF No. 50, at 12 (counsel's signature block).

[2] *See, e.g.*, *Goliakov v. Noem*, No. 3:25-CV-00613, 2026 WL 822445, at *1 (W.D. Tex. Mar. 24, 2026) ("A party is not entitled to 'hybrid representation'—that is, to simultaneously proceed *pro se* and through counsel. . . . [B]y filing [a motion] *pro se*, Petitioner has proceeded under 'hybrid representation' without the statutory right to do so. The Court will deny the [m]otion [accordingly] . . . .").

[3] *See Communication*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining an "*ex parte* communication" as "[a] communication between counsel or a party and the court when opposing counsel or party is not present," and noting that "[s]uch communications are ordinarily prohibited").

[4] *See* CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3(A)(4)(a)–(d).

[5] *See id.*, CANON 3(A)(4) ("Except as set out below, a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers.").

[6] *See id.*

The Clerk of Court **SHALL DOCKET** Petitioner's *pro se* "Motion to Submit Evidence and Grant Relief Request" as an **EXHIBIT** to this Order.

The Court will take **NO FURTHER ACTION** on that Motion.

Respondents **MAY FILE** a response to the Motion by **August 10, 2026** if they so choose. As stated, however, the Court doesn't intend to take any further action on the Motion irrespective of whether Respondents respond to it.

The Court **ADMONISHES** Petitioner that he may **NEITHER**:

(1)    send communications directly to the undersigned Judge (whether *ex parte* or otherwise); **NOR**

(2)    attempt to file *pro se* motions while he remains represented by counsel in this matter.

If Petitioner wants to communicate with the Court, he must do so through a formal court filing, submitted by his attorney, that complies with the Federal Rules of Civil Procedure and all other applicable laws and rules.

The Court respectfully **ENCOURAGES** Petitioner's counsel to **EDUCATE** Petitioner that *ex parte* communications and hybrid representation are impermissible.

The Clerk of Court **SHALL MAIL** this Order to:

Faustino Pablo Pablo
El Paso Service Processing Center
8915 Montana Ave.
El Paso, TX 79925

**So ORDERED and SIGNED this 16th day of July 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**