**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **FAUSTINO PABLO PABLO,** | § | |
| | § | |
| *Petitioner*, | § | |
| **v.** | § | |
| | § | |
| | § | |
| **DAVID J. VENTURELLA,** *in his official* | § | |
| *capacity as* Senior Official Performing the | § | |
| Duties of the Director of U.S. Immigration | § | |
| and Customs Enforcement; | § | |
| **DAREN K. MARGOLIN,** *in his official* | § | |
| *capacity as* Director of Executive Office for | § | |
| Immigration Review; | § | **EP-25-CV-00566-DCG** |
| **MARKWAYNE MULLIN,** *in his official* | § | |
| *capacity as* Secretary of U.S. Department of | § | |
| Homeland Security; | § | |
| **TODD BLANCHE,** *in his official capacity* | § | |
| *as* Acting Attorney General of the | § | |
| United States; and | § | |
| **WARDEN OF ERO EL PASO CAMP** | § | |
| **EAST MONTANA,** *in his or her official* | § | |
| *capacity*, | § | |
| | § | |
| *Respondents*. | § | |

## CLARIFICATION ORDER

Petitioner Faustino Pablo Pablo has asked the Court to clarify its "Order Preliminarily

Enjoining Respondents from Removing Petitioner Pending Immigration Judge ['IJ'] Review"

(the "PI Order") (ECF No. 57).[1]  In that Order, the Court "enjoin[ed] Respondents from

---

[1] *See* Mot. Clarify, ECF No. 58.

Local Civil Rule 7(g) provides that "[t]he court *may* refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made."  *See* W.D. TEX. L.R. CV-7(g) (emphasis added).  Although Petitioner's Motion doesn't indicate that "the parties . . . conferred," *see generally* Mot. Clarify, the Court will nonetheless consider the Motion.

removing Petitioner from the United States until they allow him to seek IJ review of his withholding claims in the manner prescribed by 8 C.F.R. §§ 208.16 and 1208.16."[2]

According to Petitioner, "[t]he citations at 8 C.F.R. §§ 208.16 and 1208.16 describe the withholding of removal process in full Section 240 proceedings before an Immigration Judge, but 'IJ Review' describes the Reasonable Fear Interview process at 8 C.F.R. § 208.31."[3]  He therefore seeks clarification on "which type of IJ review is ordered here."[4]

Although the Court believes that the PI Order speaks for itself, this case's weedy procedural history counsels in favor of ensuring that the parties understand their obligations moving forward.  In answer to Petitioner's inquiry, the Court directs him to the following portion of the PI Order:

> Rather than adopt Petitioner's safeguards, this Court instead finds it appropriate (as other courts have) to "look to the existing regulations for substantive guidance as to" what procedures are necessary. Here, the Court concludes that ***the procedures set forth under 8 C.F.R. §§ 208.16 and 1208.16 provide the best framework for what IJ review must entail here.***  These regulations detail the withholding-related procedures that would have applied had the Government designated Mexico for Petitioner's removal during his removal proceedings, and the Court sees no reason that Petitioner shouldn't enjoy those same protections now.
>
> The Court therefore enjoins Respondents from removing Petitioner from the United States until they allow him to seek IJ review of his withholding claims ***in the manner prescribed by 8 C.F.R. §§ 208.16 and 1208.16***.[5]

---

[2] *See* PI Order, ECF No. 57, at 14.

[3] Mot. Clarify.

[4] *Id.*

[5] *See* PI Order at 14 (citation modified); *see also id.* at 19.

As indicated, the Court enjoined Respondents from removing Petitioner until they permit him to pursue withholding of removal in the manner prescribed by 8 C.F.R. §§ 208.16 and 1208.16.[6]

Though not explicitly stated, Petitioner also seems to ask whether—assuming 8 C.F.R. §§ 208.16 and 1208.16 apply—the Court has ordered Respondents to reopen Petitioner's removal proceedings.[7]  It has not.  Rather, the Court looked to existing regulations as "substantive guidance" regarding what procedures should apply where the Government seeks to remove an alien to a country that wasn't specified in the alien's removal order.[8]  Concluding that 8 C.F.R. §§ 208.16 and 1208.16 "provide the best framework for what IJ review must entail," the Court enjoined Respondents from removing Petitioner without following those procedures.[9] Nothing in the PI Order should be construed as impacting the finality of Petitioner's removal order.[10]

## **CONCLUSION**

The Court therefore **GRANTS** Petitioner's "Motion to Clarify Order" (ECF No. 58).

The Court thereby **CLARIFIES** its "Order Preliminarily Enjoining Respondents from Removing Petitioner Pending Immigration Judge Review" (ECF No. 57) as indicated above.

---

[6] *See id.*

[7] *See* Mot. Clarify (noting that "[s]ome District courts have ordered a full withholding of removal process in Section 240 proceedings finding it to provide the best protections for [aliens] facing third-country removal").

[8] *See* PI Order at 14.

[9] *See id.*; *see also id.* at 19.

[10] *See id.* at 19 (noting that "[a]fter Respondents have been given an opportunity to provide IJ review [in the manner prescribed by 8 C.F.R. §§ 208.16 and 1208.16], the Court will be able to assess whether Petitioner's lawful removal is, in fact, foreseeable"—*i.e.*, under the *Zadvydas* framework).

- 4 -

**So ORDERED and SIGNED this 20th day of July 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**