UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **FAUSTINO PABLO PABLO,** | § | |
| | § | |
| *Petitioner*, | § | |
| **v.** | § | |
| | § | |
| | § | |
| **DAVID J. VENTURELLA,** *in his official* | § | |
| *capacity as* Senior Official Performing the | § | |
| Duties of the Director of U.S. Immigration | § | |
| and Customs Enforcement; | § | |
| **DAREN K. MARGOLIN,** *in his official* | § | |
| *capacity as* Director of Executive Office for | § | |
| Immigration Review; | § | **EP-25-CV-00566-DCG** |
| **MARKWAYNE MULLIN***, in his official* | § | |
| *capacity as* Secretary of U.S. Department of | § | |
| Homeland Security; | § | |
| **TODD BLANCHE,** *in his official capacity* | § | |
| *as* Acting Attorney General of the | § | |
| United States; and | § | |
| **WARDEN OF ERO EL PASO CAMP** | § | |
| **EAST MONTANA,** *in his or her official* | § | |
| *capacity*, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER SETTING HEARING

The Court previously enjoined Respondents from removing Petitioner until they allow

him to pursue withholding of removal before an Immigration Judge ("IJ") "in the manner

prescribed by 8 C.F.R. §§ 208.16 and 1208.16."[1]

Petitioner has since filed two motions:

---

[1] *See* Preliminary Injunction, ECF No. 57, at 19.

(1)    a "Motion for Leave to Serve Discovery Request" (ECF No. 61) (the "Discovery Motion"); *and*

(2)    a "Motion for Temporary Restraining Order" (ECF No. 63) (the "TRO Motion").

The catalyst of both motions is the Government's stated plan to remove Petitioner to Mexico.[2] Petitioner is concerned that—if removed to Mexico—the Mexican government will send him to Guatemala, where the United States Government has determined that it is more likely than not that he will be subjected to torture.[3] Petitioner therefore wants (1) discovery reflecting whether the Mexican government has indeed accepted his removal;[4] and (2) an order enjoining Respondents from removing him while the Court considers whether his removal to Mexico would be lawful.[5]

According to Petitioner, the motions are time-sensitive because an IJ is scheduled to review Petitioner's withholding claims on Monday, July 27, 2026 at 8:30 a.m.[6] And if the IJ determines that he isn't entitled to withholding of removal to Mexico, there wouldn't be any impediment to the Government removing him to Mexico.[7]

---

[2] *See*, *e.g.*, Resp'ts' Status Report, ECF No. 43.

[3] *See generally* Disc. Mot., ECF No. 61; TRO Mot., ECF No. 63.

*See also* Withholding of Removal to Guatemala, ECF No. 1-1, at 2, 19.

[4] *See* Disc. Mot. at 3–4.

[5] *See* TRO Mot. at 7.

[6] *See id*. at 1.

[7] *See* Preliminary Injunction at 19 (enjoining Respondents from removing Petitioner "***until*** they allow him to seek IJ review of his withholding claims in the manner prescribed by 8 C.F.R. §§ 208.16 and 1208.16 (emphasis added)).

The Court prefers to hear from the Government before ruling on either motion. Under the Local Rules, Respondents' responses to the Discovery Motion and TRO Motion wouldn't ordinarily be due until July 29, 2026 and August 6, 2026, respectively.[8] But by the time those deadlines expire, the Government may have already removed Petitioner.[9] The Court will therefore set an imminent hearing at which it will hear from the Government and take evidence in connection with the motions.[10]

For the foregoing reasons, the Court **ORDERS** attorneys for Petitioner and Respondents to **APPEAR** for an **IN-PERSON HEARING**. The hearing will take place on **Monday, July 27, 2026** at **2:00 P.M. Mountain Time** in **Courtroom Number 322**, on the Third Floor of the **United States Courthouse, 525 Magoffin Avenue, El Paso, Texas**.

At the hearing, Respondents **MUST PRODUCE** a witness with personal knowledge of:

(1)     the steps taken to secure Petitioner's removal to Mexico; *and*

(2)     the assurances, if any, that the United States Government has received that—if the United States Government removes Petitioner to Mexico—the Mexican government won't send Petitioner to Guatemala.

The Court will **NOT** consider requests to hold the hearing via videoconference.

Although the Court **MAY** consider requests to move the hearing to a different date to accommodate the participants' respective schedules, the Court will **NOT** consider any such

---

[8] *See* W.D. TEX. L.R. CV-7(D) (setting motion response deadlines).

[9] *See supra* notes 6–7.

[10] To be clear, this Order does not vacate or otherwise alter the Court's "Order Preliminarily Enjoining Respondents from Removing Petitioner Pending Immigration Judge Review" (ECF No. 57). In other words, although the Court intends to hear from the parties on an expedited basis, it does not prohibit Respondents from removing Petitioner consistent with the terms of the Preliminary Injunction.

request filed after **Friday, July 24, 2026, at 4:00 P.M. Mountain Time**, except in extraordinary and unforeseeable circumstances.

The Court **RESERVES RULING** on:

(1)    Petitioner's "Motion for Leave to Serve Discovery Request" (ECF No. 61); *and*

(2)    Petitioner's "Motion for Temporary Restraining Order" (ECF No. 63).

Finally, the Clerk **SHALL** serve copies of this Order on all named Respondents.

**So ORDERED and SIGNED this 24th day of July 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**