**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **FAUSTINO PABLO PABLO,** | § | |
| | § | |
| *Petitioner*, | § | |
| v. | § | |
| | § | |
| **DAVID J. VENTURELLA,** *in his official* | § | |
| *capacity as* Senior Official Performing the | § | |
| Duties of the Director of U.S. Immigration | § | |
| and Customs Enforcement; | § | |
| **DAREN K. MARGOLIN,** *in his official* | § | |
| *capacity as* Director of Executive Office for | § | |
| Immigration Review; | § | **EP-25-CV-00566-DCG** |
| **MARKWAYNE MULLIN***, in his official* | § | |
| *capacity as* Secretary of U.S. Department of | § | |
| Homeland Security; | § | |
| **TODD BLANCHE,** *in his official capacity* | § | |
| *as* Acting Attorney General of the | § | |
| United States; and | § | |
| **WARDEN OF ERO EL PASO CAMP** | § | |
| **EAST MONTANA,** *in his or her official* | § | |
| *capacity*, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER REQUIRING RESPONDENTS TO PRODUCE PETITIONER AT HEARING

On July 17, 2026, the Court enjoined Respondents from removing Petitioner without first

allowing him to seek withholding of removal before an Immigration Judge (an "IJ") in the

manner set forth under 8 C.F.R. §§ 208.16, 1208.16 ("IJ Review").[1]

Petitioner's counsel has since informed the Court that, although an IJ scheduled a hearing

for July 27, 2026 at 8:30 A.M. Mountain Time (the "IJ Hearing"), (1) counsel wasn't allowed

---

[1] *See* Preliminary Injunction, ECF No. 57, at 19.

access to the hearing; and (2) the Government didn't provide Petitioner a proper interpreter.[2] Petitioner argues that both deprivations violate his due process rights. Fearing that the Government won't follow the necessary procedures before removing him, Petitioner has moved the Court to enforce the above-referenced injunction.[3]

The record is unclear as to (1) whether the Government scheduled the IJ Hearing to provide IJ Review; and (2) what exactly happened at that hearing.[4] That's a problem because the content of the IJ Hearing may reveal whether Respondents have provided IJ Review—and, thus, whether the Court's injunction prohibits Respondents from removing Petitioner.[5] Although Respondents' counsel should be able to address why the IJ Hearing was scheduled, Petitioner is best suited to address what took place at the hearing—particularly given that his counsel was apparently excluded from the proceedings.[6]

The Court therefore **ORDERS** Respondents to produce Petitioner Faustino Pablo Pablo at the hearing already scheduled for **Wednesday, July 29, 2026 at 2:00 P.M. Mountain Time** (the "July 29 Hearing").[7]

The Court will attempt to secure (but cannot guarantee) Mam interpretation services for the July 29 Hearing. In the interim, Petitioner and Respondents **SHALL** promptly inform the

---

[2] *See* Mot. Enforce Order, ECF No. 66, at 1–3.

[3] *See id*. at 4.

[4] *See generally id.*

[5] *See* Preliminary Injunction at 19.

[6] *See* Mot. Enforce Order at 2–3.

[7] *See* Order Setting Hearing, ECF No. 64 (setting hearing for July 27, 2026 at 2:00 P.M. Mountain Time); July 24, 2026 Text Order (moving that hearing to July 29, 2026 at 2:00 P.M. Mountain Time).

Court if they are able to provide a Mam interpreter at the July 29 Hearing.  The Court will consider permitting one of Petitioner's family members (who is fluent in Mam) to appear telephonically for the limited purpose of interpreting Petitioner's testimony.

**So ORDERED and SIGNED this 27th day of July 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**