**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **FAUSTINO PABLO PABLO,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| **DAVID J. VENTURELLA,** *in his official* | § | |
| *capacity as* Senior Official Performing the | § | |
| Duties of the Director of U.S. Immigration | § | |
| and Customs Enforcement; | § | |
| **DAREN K. MARGOLIN,** *in his official* | § | |
| *capacity as* Director of Executive Office for | § | |
| Immigration Review; | § | **EP-25-CV-00566-DCG** |
| **MARKWAYNE MULLIN***, in his official* | § | |
| *capacity as* Secretary of U.S. Department of | § | |
| Homeland Security; | § | |
| **TODD BLANCHE,** *in his official capacity* | § | |
| *as* Acting Attorney General of the | § | |
| United States; and | § | |
| **WARDEN OF ERO EL PASO CAMP** | § | |
| **EAST MONTANA,** *in his or her official* | § | |
| *capacity*, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER REQUIRING STATUS UPDATE

This habeas case turns on whether Petitioner's removal is "significantly likely in the reasonably foreseeable future."[1]  The Government wants to remove Petitioner to Mexico.[2]  The

---

[1] *See generally* Pet., ECF No. 1 (challenging post-removal order detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (determining that "an alien may be held in [post-removal order detention] until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future").

[2] *See, e.g.*, Salazar Decl., ECF No. 43-1, at 2 (discussing the Government's desire to remove Petitioner to Mexico).

Court, however, enjoined the Government from removing Petitioner unless and until it allows him to seek withholding of removal before an Immigration Judge (IJ).[3]

On July 29, 2026, the Court heard evidence that Petitioner is scheduled to appear before an IJ on August 5, 2026—presumably, to hear Petitioner's withholding of removal claim. Because the outcome of that IJ hearing may dictate whether Petitioner's removal is "significantly likely in the reasonably foreseeable future,"[4] the Court will order the parties to inform the Court of what transpires at the August 5, 2026 hearing.

The Court therefore **ORDERS** that, **by August 6, 2026**, Petitioner and Respondents must **ADVISE** the Court (either jointly or separately) of:

(1)  whether the IJ considered Petitioner's claim for withholding of removal to Mexico during the August 5, 2026 hearing;

(2)  whether the IJ made any determinations regarding Petitioner's claim for withholding of removal to Mexico; and

(3)  if so, what the IJ determined.

**By that same date**, Petitioner must **ADVISE** the Court of whether he will accept removal to Mexico under the Cuban, Venezuelan, Nicaraguan, and Haitian ("CVNH") removal program discussed at length during this case's July 29, 2026 evidentiary hearing.

**By that same date**, Respondents must **ADVISE** the Court of:

(1)  whether the Government still plans to remove Petitioner to Mexico if he chooses not to accept removal to Mexico under the CVNH removal program;

(2)  whether there is a path to removing Petitioner to Mexico if he chooses not to accept removal to Mexico under the CVNH removal program; and

---

[3] *See* Preliminary Injunction, ECF No. 57, at 19.

[4] *See supra* note 1.

- 3 -

(3)    if so, how the Government plans to remove Petitioner to Mexico if he chooses not to accept removal to Mexico under the CVNH removal program or any other method.

**So ORDERED and SIGNED this 3rd day of August 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**